IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRENCE DA'UD FRITZ,<br><br>Petitioner,<br><br>v.<br><br>MARION FEATHER, WARDEN,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:13-cv-00906-CW<br><br>Judge Clark Waddoups |

Petitioner Terrence Da'Ud Fritz, a federal prisoner proceeding pro se,[1] moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 106 months in prison. (Dkt. No. 1, 4). He has also requested that the court appoint him counsel. (Dkt. No. 3). For the reasons that follow, the court denies in part the petition, orders the Respondent to respond to the remaining claims, and defers ruling on Mr. Fritz's motion to appoint counsel.

## BACKGROUND

Mr. Fritz pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). *United States v. Fritz*, No. 2:12-cr-00041, Dkt. No. 30 (D. Utah Feb. 25, 2013). In preparation for sentencing, the United States Probation Office prepared a Presentence Report (PSR). In calculating Mr. Fritz's sentencing guideline range, the PSR reflected that Mr. Fritz should be classified as a career offender under United States Sentencing Guideline (U.S.S.G.) § 4B1.1 on the basis of two prior convictions that constituted

---

[1] Because Mr. Fritz proceeds pro se, the court construes his filings liberally. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

controlled substance or crime of violence felonies: a 2003 conviction for possession with intent to distribute a controlled substance within 1,000 feet of a school, and a 2003 felony conviction for eluding the police. *Fritz*, 2:12-cr-00041, Dkt. No. 32, p. 6, 11; *see* U.S.S.G. § 4B1.1 ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.");

*id.* § 4B1.2 (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another"). As a result of the career offender enhancement, the PSR calculated Mr. Fritz's guideline range to be between 262 and 327 months' imprisonment. Ultimately, however, the court sentenced Mr. Fritz to 106 months' imprisonment, a prison term below the recommended guidelines range. The court reached this figure by sentencing Mr. Fritz to forty-six months in prison on Count I, and the mandatory minimum of sixty months in prison on Count II, to run consecutively. *Fritz*, 2:12-cr-00041, Dkt. No. 30. Mr. Fritz did not appeal his sentence.

Mr. Fritz has now a filed motion for habeas relief pursuant to 28 U.S.C. § 2255, asking the court to vacate, set aside, or correct his sentence. (Dkt. No. 1, 4).[2] Reading Mr. Fritz's motion liberally, he appears to raise two main claims. First, he argues that the court's imposition of sixty months' imprisonment for Count II violates the Constitution because he was entitled to have a jury determine any facts that would increase a mandatory minimum sentence under *Alleyne v. United States*, ___ U.S.___, 133 S. Ct. 2151 (2013). Relatedly, he contends that in light of *Alleyne*, he was not advised of the essential elements of Count II, rendering his guilty plea invalid. Second, Mr. Fritz asserts that the classification as a career offender and corresponding sentencing enhancement was

---

[2] After he filed his initial petition, Mr. Fritz filed a "Supplemental Motion to Vacate Set Aside or Correct a Sentence pursuant to Title 28 U.S.C. § 2255." (Dkt. No. 4). The court construes this motion as a request to amend Mr. Fritz's original § 2255 motion (Dkt. No. 1), which the court grants.

improper, and that counsel was ineffective for failing to challenge Mr. Fritz's career offender

classification prior to sentencing. The court addresses each claim in turn.

## ANALYSIS

The court begins by addressing Mr. Fritz's arguments related to the district court's

imposition of the mandatory minimum sentence of sixty months in prison for Count II. Mr. Fritz is

correct that in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), the Supreme Court clarified

that any fact that increases a mandatory minimum sentence is an "element" that must be submitted

to the jury. Accordingly, the Court determined that the district court's decision to impose a seven-

year enhancement for brandishing a firearm, where the jury had found only that the defendant had

used a firearm—a crime that carried with it a five-year penalty—violated the Constitution. *Id.* at

2155–58. But *Alleyne* is of no help to Mr. Fritz.[3] Unlike *Alleyne*, here the district court did not

increase Mr. Fritz's sentence for any conduct for which his guilt had not been established beyond a

reasonable doubt. To the contrary, Mr. Fritz pled guilty to possessing a firearm in furtherance of a

drug crime and acknowledged that his conduct satisfied the essential elements of 18 U.S.C.

§ 924(c)(1)(A), thereby waiving any right to a jury's adjudication of his guilt for this crime. And by

sentencing Mr. Fritz to sixty consecutive months in prison, the court sentenced him to the lowest

possible sentence available in light of the guilty plea. *See Abbott v. United States*, 562 U.S. 8, 12

(2010) ("The minimum prison term for the offense described in § 924(c) is five years . . . ."). For

this reason, *Alleyne* does not present grounds to vacate, set aside, or modify Mr. Fritz's sentence.

Likewise, Mr. Fritz's claim that his plea is invalid under *Alleyne* lacks merit. Indeed, the

record reveals that prior to his guilty plea, Mr. Fritz was fully advised of the elements of 18 U.S.C.

---

[3] Although the Supreme Court decided *Alleyne* after Mr. Fritz was sentenced, Mr. Fritz asserts that it applies retroactively on collateral review. The court disagrees. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (holding that while *Alleyne* "does set forth a new rule of constitutional law," it has not "been made retroactive to cases on collateral review") (internal quotation marks omitted). In any event, even if *Alleyne* were applicable retroactively, it is distinguishable on the merits.

§ 924(c)(1)(A), that he had a right to a jury trial, and that the minimum possible penalty available for a conviction on Count II was a consecutive sixty months in prison. *United States v. Fritz*, 2:12-cr-00041, Dkt. 24 (D. Utah Sept. 9, 2012). Thus, Mr. Fritz has presented the court no basis to find that his guilty plea was invalid. For these reasons, Mr. Fritz's habeas claims related to *Alleyne* and the imposition of the sixty-month mandatory minimum sentence on Count II must be denied.

The court turns now to Mr. Fritz's challenges to the imposition of the career offender enhancement. In his § 2255 motion, Mr. Fritz argues that the district court improperly enhanced his sentence on the basis of a prior conviction for possession of a firearm, which does not qualify as a crime of violence. (Dkt. No. 4, p. 1–2). Mr. Fritz's premise is incorrect. As explained, review of the PSR indicates that Mr. Fritz's U.S.S.G. § 4B1.1 enhancement was based on a controlled substance offense and a felony conviction for eluding the police. Mr. Fritz does not challenge the reliance on the former conviction for the purposes of the career offender enhancement, and the court perceives of no error in this respect. But the use of the conviction for eluding the police as a basis to classify Mr. Fritz as a career offender gives the court some pause.

At the time of Mr. Fritz's sentence, the Tenth Circuit had clearly held that a conviction for eluding a police officer was a proper basis for enhancement under § 4B1.1, because it represented "conduct that presents a serious potential risk of physical injury to another," a crime of violence for the purposes of the Guidelines. *See, e.g.*, *United States v. McConnell*, 605 F.3d 822, 830 (10th Cir. 2010) (quoting U.S.S.G. § 4B1.2(a)(2)). But recently, the Supreme Court held that increasing a sentence on the basis of "conduct that presents a serious potential risk of physical injury to another" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates the Constitution because the clause is unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). The Court in *Johnson* did not address the validity of the identical language contained in U.S.S.G. § 4B1.2(a)(2), leaving open the question of *Johnson*'s applicability to career

offender enhancements under the Sentencing Guidelines. *See, e.g.*, *United States v. Goodwin*, ___

F. App'x ___, 2015 WL 5167789, at *3 & n.3 (10th Cir. Sept. 4, 2015) (assuming, based on the

government's concession, that reliance on § 4B1.2(a)(2)'s residual clause in enhancing a

defendant's sentence was error, but recognizing a circuit split regarding the issue of whether the

void for vagueness doctrine can ever apply to Guidelines provisions).

       Thus, without expressing any opinion on the merits of Mr. Fritz's arguments related to the

career offender enhancement, the court finds that this portion of Mr. Fritz's petition survives

preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in

United States District Courts, and responsive briefing is therefore necessary. *See, e.g.*, *Bailey v.*

*Cross*, No. 15-cv-819-DRH,  2015 WL 5173525 (S.D. Ill. Sept. 2, 2015) (ordering responsive

briefing to address the applicability of *Johnson* in the context of a habeas challenge to a career

offender enhancement under § 4B1.2(a)(2)).

## CONCLUSION

       Accordingly, the court DENIES Mr. Fritz's challenges to the imposition of the sixty-month

consecutive sentence under *Alleyne*, but ORDERS that the Respondent submit a response to

Mr. Fritz's claims related to the career offender enhancement within thirty days of this order. The

response should address, among any other issues the Respondent deems appropriate, the propriety

of the career offender enhancement in light of *Johnson* and the applicability of *Johnson* in the

habeas context. Finally, the court DEFERS RULING on Mr. Fritz's motion to appoint counsel

(Dkt. No. 3), pending the response from the government.

       SO ORDERED this 11th day of September, 2015.

BY THE COURT:

Clark Waddoups
United States District Judge